IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIMINI STREET, INC., | Case No. 1:22-cv-00741 |
| Plaintiff, | |
| v. | |
| AXIS INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY; ALLIANZ UNDERWRITERS INSURANCE COMPANY; and LLOYD'S TALBOT SYNDICATE 1183, | |
| Defendants. | |

**STIPULATION OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF
DEFENDANT LLOYD'S TALBOT SYNDICATE 1183**

Plaintiff Rimini Street, Inc. ("Rimini") and Defendant Lloyd's Talbot Syndicate 1183 ("Talbot"), by their undersigned respective counsel, hereby stipulate and agree as follows:

**WHEREAS**, Rimini has asserted claims for insurance coverage under Excess Policy No. B6044FIP2569650 (the "Policy") against Talbot in the above-captioned action, filed on February 10, 2022 ("Complaint");

**WHEREAS,** Rimini's claims for coverage under the Policy are in connection with a Motion for Order to Show Cause Why Rimini Street, Inc. Should Not Be Held in Contempt filed on July 10, 2020 by Oracle USA Inc., Oracle America, Inc. and Oracle International Corporation (the "Contempt Motion");

**WHEREAS,** Rimini's alleged losses incurred in connection with the Contempt Motion have not yet exhausted the insurance policy limits underlying the Policy;

**WHEREAS,** Rimini and Talbot seek to reduce the expense and burden of litigation to themselves, to other parties in this action and to the Court;

**NOW, THEREFORE,** in consideration of the above,

## STIPULATION OF DISMISSAL

1. Rimini agrees to dismiss voluntarily, without prejudice, all claims in the Complaint as to Talbot, with each party to bear its own costs and attorneys' fees incurred up to the filing of this Stipulation.

2. Rimini reserves all rights to renew its claims against Talbot in this action, including in the event of: (a) the actual or upcoming exhaustion of the limits of the insurance policies underlying the Policy: (b) a need to avoid the tolling of a statute of limitations on a claim against Talbot; or (c) for such other reason that calls for the renewal of such claims.

3. Talbot agrees that it will not contest the procedural right of Rimini to renew its claims against Talbot in this action, but reserves all rights to assert all defenses that it would have and/or could have asserted if the claims against it had not been dismissed through this Stipulation as well as any defenses arising as a result of undue delay of renewal of claims against Talbot.

4. Talbot agrees that it will not file an action against Rimini in any other forum that involves any claim involving insurance coverage under the Policy arising from or in connection with the Contempt Motion.

5. In the event that Rimini renews its claims against Talbot in this action:

    a. Rimini and Talbot will agree to extensions, if needed, to any Case Management Order or Case Scheduling Order entered in this action, permitting only the minimum delay, if any, of the trial date, before moving the Court for such extensions. The fact that Talbot has not been participating in this action will not

      be a basis for delaying the trial date, if at all, for more than 180 days. This provision does not preclude any other basis for delaying a set trial date;

    b. Rimini and Talbot shall honor and abide by the law of the case to the extent relevant and applicable to Talbot and previously determined by order(s) of the Court; and

    c. Talbot shall not call for Rimini to re-do discovery already conducted in the action to which Talbot has reasonable access. This provision does not bar Talbot from conducting any reasonable additional discovery it considers necessary to its defense in this action.

6. Rimini's dismissal without prejudice tolls, as of the date of the filing of the Complaint, all applicable statutes of limitations as to all claims in the Complaint against Talbot for a period of three (3) years from the date of this Stipulation and Order. All time-based defenses to the claims in the Complaint are preserved to the extent they existed as of the date of filing of the Complaint and are tolled for a period of three (3) years from the date of this Stipulation and Order.

7. In the event that any dispute arises solely as to this Stipulation, Rimini and Talbot consent to the jurisdiction of the United States District Court for the Northern District of Illinois, and such Court will be the sole forum for resolving any such dispute.

8. This Stipulation and Order does not constitute a representation or admission regarding the substantive merits of any claim asserted against or among the parties to this Stipulation and Order or against the Policy.

## ORDER ON STIPULATION

**IT IS SO ORDERED BY THE COURT**, that all claims by Plaintiff Rimini Street, Inc., in the Complaint as to only Defendant Lloyd's Talbot Syndicate 1183 and then only with respect to the Policy, hereby are dismissed, without prejudice, and without award of attorneys' fees and costs to any party, subject to this Stipulation and Order of Dismissal dated January __, 2023.

DATED this_____ day of _____, 2023

                                            **HON. ELAINE E. BUCKLO, U.S.D.J.**

docs-100543303.1
docs-100543303.1

AGREED TO FORM AND CONTENT:

By:
/s/ *Paul Walker-Bright*
Paul Walker-Bright, Esq. (ARDC #6226315)
pwalkerbright@nge.com
**NEAL, GERBER & EISENBERG LLP**
2 North LaSalle Street
Suite 1700
Chicago, IL 60602
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

and

Rhonda D. Orin, Esq. (admitted *pro hac vice*)
Daniel J. Healy, Esq. (admitted *pro hac vice*)
Joseph Vila, Esq. (admitted *pro hac vice*)
**ANDERSON KILL**
1717 Pennsylvania Ave., NW
Suite 200
Washington, DC 20006
Telephone: (202) 416-6547
*Attorneys for Plaintiff,*
*Rimini Street, Inc.*

Dated: January 9, 2023

By:
/s/ *Edna S. Kersting*
Edna S. Kersting, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Telephone: (312)-821-6162

*Attorneys for Defendant,*
*Lloyd's Talbot Syndicate 1183*

Dated: January 9, 2023

5